UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL RESER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00123 |
| | § | |
| JAMIE MAGDALINE MARTIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND RECOMMITTING THE ATTORNEY'S FEES REQUEST TO THE MAGISTRATE JUDGE

Plaintiff James Michael Reser brings this civil rights action pro se, alleging violations of the First and Fourteenth Amendments (retaliation and due process) under § 1983; conspiracy to violate civil rights under § 1983 and § 1985; and defamation and *Monell* claims. The claims arise from an alleged consensual sexual relationship with a drug counselor at a halfway house. Plaintiff has sued CoreCivic, Inc. d/b/a Corpus Christi Transitional Center ("CoreCivic"); Jamie Magdaline Martin, a former counselor at CoreCivic; Dawn Canion, a CoreCivic employee; and Daniel Gamache.

Pending before the Court are two Rule 12(b)(6) motions to dismiss, one filed by Defendant Gamache (D.E. 46) and one filed by CoreCivic, Martin, and Canion (D.E. 47). Plaintiff filed responses to both motions (D.E. 50, 51), and a reply and sur-reply were filed. (D.E. 54, 56). On September 30, 2025, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court

grant both motions to dismiss and not allow Plaintiff to amend his complaint. D.E. 57. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Defendant Gamache and Plaintiff filed timely objections to the M&R. D.E. 59, 61.

The Court **OVERRULES** Plaintiff's objections (D.E. 61), **ADOPTS** the M&R in its entirety (D.E. 57), and **GRANTS** both motions to dismiss (D.E. 46, 47). The Court **SUSTAINS** Defendant Gamache's objection that the M&R failed to address his request for attorney's fees. The Court **RECOMMITS** his request for attorney's fees (D.E. 46, p. 10) to the Magistrate Judge for consideration.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition).

Similarly, an objection is not valid if it raises a new argument not presented to the magistrate judge. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir.

2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation."). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff submitted five objections, spanning almost every conclusion in the M&R. D.E. 61. Two objections argue that he properly alleged his retaliation claims. *Id.* at pp. 1-2, 5. Another objection contends that Gamache is liable as a private citizen under § 1983. *Id.* at pp. 3-4. And the last two claim that Defendants are liable for violating PREA. *Id.* at pp. 4-5. Defendant Gamache submitted one objection, asking the Court to address his request for attorney's fees. D.E. 59. The Court considers each objection below, grouping together similar objections and providing de novo review only where the objection contains a specific challenge to the Magistrate Judge's M&R.

### A. Plaintiff's Objections

#### 1. Retaliation Claims

In recommending dismissal of Plaintiff's claims for retaliation, the Magistrate Judge noted that "Plaintiff has not alleged any retaliation by Martin occurred while she was still

employed by CoreCivic." D.E. 57, p. 15. Additionally, the Magistrate Judge concluded that Plaintiff failed to plead sufficient facts to create a plausible claim for retaliation against any defendant. *Id.*

Plaintiff first objects that Martin could have acted "under color of state law" after she no longer worked at CoreCivic. D.E. 61, pp. 1-2. He contends that the alleged conduct began before Martin left CoreCivic and continued after, which means the conduct is actionable under § 1983. *Id.* at 2. Second, he broadly asserts that the complaint alleged sufficient facts to support a retaliation claim: "protected speech," "adverse acts," and "a coherent timeline." D.E. 61, p. 5.

Plaintiff has not alleged any actionable conduct during Martin's employment with CoreCivic. Plaintiff concedes that the sexual relationship was consensual. D.E. 44, p. 7. The Magistrate Judge concluded that the relationship itself did not give rise to a constitutional violation, and Plaintiff has not objected to that conclusion. D.E. 57, p. 18. The Court thus considers whether Martin acted "under color of state law" after she left employment with CoreCivic.

Section 1983 liability for conduct occurring after a defendant leaves employment occurs in few circumstances. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (summarizing the tests for when a private citizen might be characterized as a "state actor."). As the Supreme Court has explained:

> a challenged activity may be state action when it results from the State's exercise of "coercive power," when the State provides "significant encouragement, either overt or covert," or when a private actor operates as a "willful participant in joint activity with the State or its agents[.]" We have

> treated a nominally private entity as a state actor when it is controlled by an "agency of the State," when it has been delegated a public function by the State, when it is "entwined with governmental policies," or when government is "entwined in [its] management or control[.]

*Brentwood*, 531 U.S. at 296 (citations omitted); *see also* 1 Steven H. Steinglass, Section 1983 Litigation in State and Federal Courts § 2:9 (discussing these same tests). Plaintiff does not sufficiently allege that any of these circumstances apply to Martin's conduct.

The only theory of state action that Plaintiff presents is that Martin's previous access to "grievance systems, parole data, and institutional records" enabled her conduct. D.E. 61, pp. 1-2. At least one court has rejected a similar theory, based on the defendant's alleged use of state information. *Shell v. S.C. Dep't of Mental Health*, No. 215CV04213MBSMGB, 2017 WL 727613, at *3 (D.S.C. Jan. 23, 2017) (collecting cases dismissing § 1983 claims against former public employees), *report and recommendation adopted*, No. CV 2:15-4213-MBS-MGB, 2017 WL 713925 (D.S.C. Feb. 23, 2017). Even if Martin's previous access enabled her alleged conduct, that alone does not make her a state actor. In such circumstances, the private citizen must be acting jointly with a state actor. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Finally, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to allege plausible claims for retaliation. *See* D.E. 57, pp. 14-15. Plaintiff does not address the Magistrate Judge's conclusion that the allegations are conclusory. As the Magistrate Judge explained, the only sufficiently alleged retaliatory conduct was against Martin, who was not acting under color of state law. *See* D.E. 44, pp. 4-6; D.E. 57, pp. 14-15. Therefore,

Plaintiff fails to meet the pleading standard for his retaliation claims. Accordingly, the objections concerning the retaliation claims are **OVERRULED**.

### 2. Gamache and § 1983

The Magistrate Judge recommended dismissal of the § 1983 conspiracy claims against Gamache because (1) Plaintiff failed to allege an underlying constitutional violation, (2) failed to allege any facts to support a plausible claim of conspiracy, and (3) Gamache is not alleged to have been a state actor. D.E. 57, p. 21. Plaintiff objects that Gamache, as a private citizen, can still be liable under § 1983. *See* D.E. 61, pp. 3-4.

As referenced above, private persons can be liable under § 1983, but only in instances in which their conduct is controlled by, encouraged by, or is in joint action with the state. *See Brentwood*, 531 U.S. at 296; *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 444 (5th Cir. 2025), *cert. denied sub nom.*, *Pearson v. Shriners Hosps. for Child., Inc.*, No. 25-204, 2025 WL 2949580 (U.S. Oct. 20, 2025). Because the Court has concluded that Martin was not acting under color of state law, there is no alleged state actor with whom Gamache could have jointly acted. Plaintiff does not allege any connection between Gamache and the other defendants. Accordingly, there is no theory under which Gamache can be liable under § 1983. This objection is thus **OVERRULED**.

### 3. PREA Claims

The Magistrate Judge concluded that claims concerning PREA should be dismissed because (1) PREA does not create a private right of action, and (2) Plaintiff has not alleged other constitutional violations that would support a claim under § 1983. D.E. 57, pp. 18-

20. Plaintiff repeats that CoreCivic suppressed PREA complaints and that Canion refused to document Plaintiff's PREA complaint. *See* D.E. 61, pp. 4-5. He argues that he plausibly alleged a *Monell* claim against CoreCivic, *Id.* at p. 4, and re-urges that failure to process PREA claims is a due process violation. *Id.* at p. 5.

PREA does not create a private cause of action. *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015). As such, alleged PREA violations alone cannot support a § 1983 claim. *Whatley v. Stephens*, No. 1:21-CV-549, 2025 WL 699706, at *2 (E.D. Tex. Feb. 14, 2025), *report and recommendation adopted*, No. 1:21CV549, 2025 WL 696961 (E.D. Tex. Mar. 4, 2025). And here, Plaintiff has failed to allege a constitutional violation to support his § 1983 claim against Canion or his *Monell* claim against CoreCivic. Thus, the PREA claims fail, and this objection is **OVERRULED**.

### B. Gamache's Objection and Request for Attorney's Fees

Gamache's only objection is that the Magistrate Judge's M&R did not address his request for attorney's fees which was contained in his motion to dismiss. *See* D.E. 59; D.E. 46, p. 10. Plaintiff objects to an award of attorney's fees, arguing that his claims are legally grounded, plausible, and supported by sworn evidence. D.E. 61, pp 7-8; D.E. 50, pp. 7-8. The Court has now dismissed the claims against Gamache so the request for attorney's fees is ripe. Without addressing the merits of the request, the Court **RECOMMITS** the request for attorney's fees to the Magistrate Judge for consideration.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's and Defendant Gamache's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 57).

Accordingly, the Court **GRANTS** both motions to dismiss (D.E. 46, 47) and **DISMISSES with prejudice** all of Plaintiff's claims, except for the state law defamation claims which are **DISMISSED without prejudice**. Gamache's request for attorney's fees (D.E. 46, p. 10) is **RECOMMITTED** to the Magistrate Judge for consideration.

**ORDERED** on January 9, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE