United States District Court
Southern District of Texas

**ENTERED**

March 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAMES MICHAEL RESER,               §
                                   §
          Plaintiff,               §
                                   §
VS.                                §     CIVIL ACTION NO. 2:25-CV-00123
                                   §
JAMIE MAGDALINE MARTIN, *et al.*,  §
                                   §
          Defendants.              §

## MEMORANDUM AND RECOMMENDATION

Plaintiff James Michael Reser brought this civil rights action *pro se*, alleging violations of the First and Fourteenth Amendments (retaliation and due process) under § 1983; conspiracy to violate civil rights under §§ 1983 and 1985; and defamation and *Monell* claims.  The claims arose from an alleged consensual sexual relationship with Jamie Magdaline Martin, a drug counselor at a halfway house where Plaintiff was released to, after serving 11 years in custody, for residential drug treatment prior to being released on parole.  Plaintiff sued, among others, Daniel Gamache, Martin's boyfriend, alleging he colluded with Martin, making false statements about Plaintiff, threats to Plaintiff, obstructing Plaintiff's access to the grievance system, fabricating evidence and otherwise harassing Plaintiff.

On September 30, 2025, the undersigned entered a Memorandum and Recommendation ("M & R"), recommending Defendants' Motions to Dismiss be granted and Plaintiff's claims be dismissed in their entirety, including those against Gamache who

had no connection to any of the other Defendants, other than being Martin's boyfriend. (D.E. 57). This M & R was adopted on January 9, 2026. (D.E. 62). However, as the M & R inadvertently failed to address Gamache's request for attorney fees, this request was recommitted to the undersigned for consideration. (D.E. 46, Page 10; D.E. 59 and D.E. 62, Page 7).

Pursuant to 42 U.S.C. § 1988, a prevailing defendant may be awarded reasonable attorney's fees in a case brought under 42 U.S.C. §§ 1983 and 1985. *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) (citation omitted).

Gamache asserts:

> "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978); *Howe v. Rowe*, 449 U.S. 5, 14-15 (1980). In the instant case, Gamache is an individual defendant, related to the proceedings, events and facts merely because he is in a relationship with one of the actors and nothing more. To say that Plaintiff's allegations against Gamache were groundless from the outset is an understatement, as they were and are unreasonably vague so as to support an award of attorneys' fees to Gamache – an individual who has spent a considerable amount of money in having to extricate himself from that which was not of his concern or making.

(D.E. 46, Page 10).

Attaching an affidavit from his attorney, Gamache requests an award of $14,160.00, representing attorney's fees for 35.4 hours at a rate of $400.00 per hour, asserting this amount would have been "considerably less given that Gamache twice (each time before a motion to dismiss was filed) offered to forgo attorneys' fees against Plaintiff if Plaintiff would simply dismiss Gamache without further necessity of spending time. As such was

2 / 6

not accepted and Plaintiff continued to pursue what are obviously misdirected and unsupported claims against Gamache, such time was necessary and warranted." (D.E. 46-1).

In determining whether a plaintiff's claim was frivolous, a district court may consider various factors, including, but not limited to, "(1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle,…(3) whether the district court dismissed the case or held a full-blown trial, and (4) whether the claims were foreclosed by squarely controlling precedent." *Davis v. Cisneros*, No. 1:21-cv-565-RP, 2025 WL 3687629, at *3 (W.D. Tex. Dec. 19, 2025) (citations omitted).

Here, Plaintiff's claims against Gamache were frivolous and unreasonable from the beginning and Plaintiff continued to litigate these claims even after it should have been clear to him they were without any merit.  At the initial pretrial and scheduling conference on August 7, 2025 and by written order, the undersigned admonished Plaintiff that his claims were "subject to summary dismissal for the reasons set forth in the Defendants' [first] Motions to Dismiss," which included Gamache's first Motion to Dismiss filed on June 2, 2025 asserting Plaintiff's claims were without merit and implausible.  (D.E. 14 and D.E. 41, Page 1).  Plaintiff was provided the opportunity to amend his complaint to plead his best case "to cure the defects identified in the Defendants' Motions to Dismiss" and, as evidenced by the later dismissal of his case after Gamache's subsequent motion to dismiss, he was unable to do so under clear, controlling precedent.  (D.E. 41, Page 2).  Further, Gamache offered to settle, twice. (D.E. 46-1).  Additionally, Plaintiff's Motion to

Disqualify Gamache's counsel was similarly without merit, which increased Gamache's counsel's hours and, accordingly, Gamache's financial burden.  (D.E. 39 and D.E. 42). The undersigned recognizes Plaintiff is appearing *pro se* and he is not held to the same standard as a licensed attorney appearing before the Court.  Additionally, the undersigned views Plaintiff's claims against Gamache in a different light than the claims against the other defendants. Plaintiff's claims against Gamache were vindictive. Plaintiff dragged Mr. Gamache into federal court in an ill-conceived effort to strike out against, and harm, his former girlfriend's boyfriend. Further, governmental entities and businesses that contract with those entities are equipped to deal with the costs of litigation. However, a private citizen such as Mr. Gamache is a different matter. Plaintiff forced Gamache, a private citizen, to incur substantial attorney's fees to defend claims that were clearly frivolous, vindictive, and brought in bad faith. The undersigned has never recommended assessing attorney's fees against a Plaintiff in a civil rights action and may never do so again. However, the reluctance the undersigned has in making this recommendation is outweighed by the Plaintiff's weaponization of this Court to present frivolous claims against Gamache for personal and vindictive reasons.  Therefore, all factors support the award of attorney's fees to Gamache, even though Plaintiff was proceeding *pro se*. *Hughs v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished [by defendant's attorney's fees being assessed against him] for his failure to recognize subtle factual or legal deficiencies in his claims" without more than the failure to survive a motion to dismiss).  Additionally, the undersigned recommends there is at least some evidence

4 / 6

Plaintiff "brought or continued [his claims against Gamache] in *bad faith* [making] an even stronger basis for charging him with the attorney's fees incurred by [Gamache]." *Christiansburg Garment Co.*, 434 U.S. at 422. (citations omitted and emphasis in original).

Accordingly, the undersigned **RECOMMENDS** Defendant Gamache be awarded his requested attorney's fees in the amount of $14,160.00, representing 35.4 hours at a rate of $400.00 per hour. *Haygood v. Morrison*, 116 F.4th 439, 446-47 (5th Cir. 2024) ("[A]n award of attorney's fees under section 1988 should normally be based on multiplying a reasonable number of hours worked by a reasonable rate of compensation. That 'lodestar method yields a fee that is presumptively sufficient' to constitute a 'reasonable fee.'") (citations omitted).

ORDERED on March 19, 2026.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).