United States District Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL RESER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00123 |
| | § | |
| JAMIE MAGDALINE MARTIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Before the Court is Defendant Daniel Gamache's request for attorneys' fees (D.E. 46, p. 10). On March 19, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court grant Gamache's request and award him $14,160.00 in attorneys' fees. D.E. 63. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Special Order No. C-2023-1. Plaintiff timely filed his objections on April 2, 2026. D.E. 66.

## **STANDARD OF REVIEW**

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is

1 / 6

filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff first objects to the M&R's conclusion that his claims against Gamache were "frivolous, unreasonable, or without foundation." D.E. 66, p. 2 (Objection II(A)). He claims that the Magistrate Judge failed to give effect to three facts: (1) a meeting with Gamache prior to Martin filing false statements; (2) Gamache filing a sworn statement regarding when he became aware of Plaintiff; and (3) Plaintiff's detail regarding his theory of joint action. *Id*. Plaintiff does not explain how these facts support any finding of wrongdoing by Gamache toward Plaintiff; they merely document Gamache's existence in Plaintiff's general orbit. These facts were previously considered and rejected as supporting any claim. D.E. 57, pp. 20-22; D.E. 62, p. 6. The first objection is **OVERRULED**.

Second, Plaintiff argues that his "joint-action theory" of liability against Gamache is a legitimate legal theory. D.E. 66, pp. 2-4 (Objection II(B)). While conspiracy or joint-action claims under § 1983[1] are cognizable, Plaintiff's problem is that his evidence, whether direct or circumstantial, does not reflect any actionable wrongdoing. Joint action without evidence of Gamache's unlawful or tortious purposes is legally meaningless. Therefore, Plaintif's citation of cases addressing joint activity for wrongful purposes are inapposite because he lacks evidence of any unlawful purpose perpetrated by Gamache. D.E. 66, pp. 3-4 (part III). Plaintiff's second objection is **OVERRULED**.

---

[1] While Plaintiff has at times purported to raise a conspiracy claim under 42 U.S.C. § 1985, his objection focuses on his claims under § 1983. *See* D.E. 66

2 / 6

Third, Plaintiff objects to the M&R's mention of his criminal history and parole status as irrelevant and violative of *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). D.E. 66, p. 4 (Objection IV(A)). The Magistrate Judge only mentioned Plaintiff's prior custody because it is relevant to the factual background involved in this case. Therefore, it was not improper for the Magistrate Judge to mention it when briefly recounting the facts. It had no material impact on the analysis of Plaintiff's claims or his defense against the claim for attorney's fees. The third objection is **OVERRULED**.

Fourth, Plaintiff objects that the Magistrate Judge treated "Plaintiff's claims against all defendants as one undifferentiated mass, ignoring that Plaintiff asserted separate, distinct claims against Gamache." He continues that his claims, so treated, were mischaracterized as vindictive. D.E. 66, pp. 4-5 (Objection IV(B). He claims that the Magistrate Judge did not address the evidence. However, the M&R considered all claims and found them unsupported. There is no evidence of Gamache's wrongdoing, regardless of whether the allegations were addressed generally or with specificity. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects that the Court challenged him to prove his claims against Gamache (which he tried to do); the Court did not direct him to dismiss the claims. D.E. 66, p. 5 (Objections IV(C) and (D)). Plaintiff mischaracterizes the Magistrate Judge's directive. The Magistrate Judge warned Plaintiff that he had not alleged sufficient facts to support a claim against Gamache and he afforded Plaintiff an opportunity to amend his complaint to clearly articulate wrongdoing. Plaintiff was given a choice to dismiss the

3 / 6

claims or demonstrate their plausibility. He chose to proceed on his claims despite an inability to make plausible fact allegations. Plaintiff chose to prolong what he was warned would be an inevitable dismissal if he did not have appropriate facts. Plaintiff's fifth objection is **OVERRULED**.

Plaintiff's sixth objection is indistinguishable from his first objection and is **OVERRULED** for the same reasons. *See* D.E. 66, pp. 5-6 (Objection IV(E)).

Seventh, Plaintiff objects that he incurred his own attorney's fees defending against the allegedly false reports filed by Martin, allegedly with Gamache's knowledge. D.E. 66, p. 6 (Objection IV(F)). Without some duty to Plaintiff or an affirmative act taken by Gamache against Plaintiff, any alleged passive knowledge on Gamache's part is immaterial. The fact that Plaintiff incurred attorney's fees has no impact on whether his claims against Gamache were frivolous or baseless. The seventh objection is thus **OVERRULED**.

Eighth, Plaintiff objects that, under *Fox v. Vice,* 563 U.S. 826 (2011), the Court may only award fees that were a direct result of a frivolous claim. D.E. 66, pp. 6-7 (Objection V). He contends that the fees incurred for filing the first motion to dismiss should not be awarded because the motion was denied. He then argues that any work on the second motion to dismiss should be minimal because additional work was not necessary, having largely been done with respect to the first motion.

The only reason that the first motion to dismiss was denied was to afford Plaintiff an opportunity to amend, which is common in litigation. It does not mean that the first

motion lacked merit. And any efficiency in bringing the second motion is attributable to the work done on the first motion because Plaintiff failed to materially enhance his claims. Consequently, the denial of the first motion does not require any reduction in the fees reasonably incurred in Gamache's defense of this case. The work on the first motion prompted a requirement that Plaintiff reconsider and/or amend and it supported the second motion to dismiss. The eighth objection is **OVERRULED**.

Ninth, Plaintiff objects that fees that Gamache incurred to defend against Plaintiff's motion to disqualify counsel should not be included because his argument in that motion had merit. D.E. 66, p. 7 (Objection VI). This argument was not raised in Plaintiff's response (D.E. 50) to the motion to dismiss (D.E. 46), in which the request for attorney's fees, supported by affidavit (D.E. 46-1), was made. Consequently, it was waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam). The ninth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge

(D.E. 63). Accordingly, Gamache is awarded $14,160.00 in reasonable attorneys' fees.

     **ORDERED** on June 5, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE